UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AGRICON EQUIPMENT COMPANY LLC,

    Plaintiff,

v.                                      Case No.

KUBOTA TRACTOR CORPORATION,

    Defendant,

_____/

## COMPLAINT

Plaintiff AGRICON EQUIPMENT COMPANY LLC ("Agricon") sues Defendant KUBOTA TRACTOR CORPORATION ("Kubota") and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of $75,000.00, exclusive of interest, attorneys' fees and costs, and is otherwise within the jurisdiction of this Court.

2. At all times material hereto, Agricon was a Florida limited liability company and conducted business in Florida.

3. At all times material hereto, Kubota was a California corporation that had its principal place of business in Texas, maintained a registered agent in Florida and conducted business in Florida.

4. Accordingly, there is diversity of citizenship between the parties and this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

5. Pursuant to 28 U.S.C. § 1391, venue is proper in the Middle District of Florida because Kubota conducted a substantial part of the business activities that give rise to Agricon's claims in this action in the Central Florida region.

6. All conditions precedent to bringing this action have occurred or have been

1

waived.

## GENERAL ALLEGATIONS

7. Agricon is in the business of selling, delivering and servicing agricultural, commercial construction, and outdoor power equipment and supplies manufactured by Kubota from its three retail dealerships located in Ocala, Lecanto and Orlando.

8. Kubota manufactures, distributes and sells agricultural, commercial construction, and outdoor power equipment and supplies ("Kubota Products"). Kubota sells and distributes its Kubota Products to authorized Kubota dealers in Florida and other states for resale to the public and to commercial entities. There are approximately twenty-seven authorized Kubota dealers in Florida.

9. Kubota also sells Kubota Products directly to certain customers that operate multiple business locations nationally and purchase large volumes of Kubota Products. These customers are part of Kubota's National Account Program and are referred to as National Account Customers ("National Account Program Customers"). National Account Program Customers typically purchase Kubota Products from Kubota at discounted rates and are among the highest volume purchasers and end users of Kubota Products.

10. At its dealerships, Agricon sells, delivers and services Kubota Products pursuant to a Dealer Sales and Service Agreement executed by Agricon and Kubota in calendar year 2008 (the "2008 DSSA"). A copy of the 2008 DSSA is attached hereto as Exhibit A.

11. In 2016, Agricon and Kubota entered into a new Dealer Sales and Service Agreement (the "2016 DSSA"), which replaced the 2008 DSSA. A copy of the 2016 DSSA is attached hereto as Exhibit B.

12. Since 2008, Agricon has repeatedly performed in the upper percentages of dealerships selling, delivering and servicing Kubota Products in Florida and has been recognized by Kubota as a high-volume seller of Kubota Products.

13. Since 2006, Agricon has marketed, sold, delivered and serviced Kubota Products to the public and to commercial entities.

14. In particular, Agricon has developed advantageous business relationships with certain National Account Program Customers in order to sell, deliver and service Kubota Products to those customers.

15. Beginning in 2014, Kubota established a practice of giving other Kubota dealerships competitive advantages not offered to Agricon.

16. Specifically, in April 2014 Kubota authorized Florida Coast Equipment ("FCE"), a competing Kubota dealership, to serve as the exclusive delivering and servicing dealer for Neff Rentals ("Neff"), a Kubota National Account Program Customer that operated tool rental stores in Florida and several other states.

17. As a result of this deal, FCE was permitted to exclusively deliver Kubota equipment to Neff locations throughout the state of Florida and earn the resulting commissions. FCE was further authorized to serve as Neff's exclusive servicing dealer in Florida. Some of the deliveries and service visits by FCE to Neff occurred within Agricon's market area, which caused financial harm to Agricon's business.

18. Around the same time that Kubota authorized FCE to be Neff's exclusive delivering and servicing dealer, Agricon successfully initiated sales discussions with Sunbelt Rentals ("Sunbelt")[1] for the purchase of large quantities of Kubota construction equipment. Although Sunbelt was an existing National Account Program Customer at the time, it was not purchasing Kubota construction equipment.

---

[1] Like Neff, Sunbelt is a tool rental company that operates stores in Florida and several other states.

19. As a condition of purchasing Kubota construction equipment, Sunbelt requested that Kubota make Agricon its exclusive delivering and servicing dealer for the central region of the state of Florida. Kubota rejected Sunbelt's request.

20. As a direct consequence of Kubota's refusal to authorize Agricon to serve as Sunbelt's delivering and servicing dealer, Sunbelt refused to purchase any Kubota construction equipment from Agricon, which caused a significant loss of business for Agricon through lost sales, delivery, service and parts opportunities.

21. Since 2014, Agricon has made several additional attempts to generate construction equipment purchases by Sunbelt; on each of these occasions, Kubota has intervened to thwart Agricon's efforts.

22. As a direct consequence of Kubota's unfair methods of competition, Agricon has been damaged.

23. All conditions precedent to the filing of this lawsuit have been satisfied or waived.

Count I – Violation of Section 686.413, Florida Statutes

24. Agricon restates and realleges paragraphs 1 through 23 as if fully set forth herein.

25. Section 686.413, Florida Statutes, makes it unlawful for a manufacturer of agricultural equipment to utilize unfair methods of competition and unfair or deceptive acts or practices in the conduct of the manufacturing, distribution, wholesaling, franchising, sale, and advertising of agricultural equipment.

26. Specifically, section 686.413(3)(f) prohibits manufactures of agricultural equipment from willfully discriminating in programs when the effect of such discrimination may be to substantially lessen competition or to give one holder of a franchise any economic, business or competitive advantage not offered to all holders of the same or similar franchise.

27. By deliberately preventing Agricon from serving as Sunbelt's exclusive delivering and servicing dealer while authorizing another competing Kubota dealer to serve as

4

the exclusive delivering and servicing dealer for another National Account Program Customer, Kubota willfully discriminated against Agricon and violated section 686.413, Florida Statutes.

28. Kubota's willful discrimination has damaged Agricon.

29. Agricon has retained the undersigned attorneys to represent its interests in this matter and is obligated to pay them a reasonable attorney's fee for their services.

WHEREFORE, Agricon demands judgment against Kubota for damages, punitive damages pursuant to section 686.417(4), Florida Statutes, attorney's fees pursuant to section 686.417(1), Florida Statutes, interest (prejudgment and post-judgment), costs and such other further relief as this Court deems appropriate.

### Count II- Violation of Section 686.611, Florida Statutes

30. Agricon restates and realleges paragraphs 1 through 23 as if fully set forth herein.

31. Section 686.611, Florida Statutes, makes it unlawful for a manufacturer of outdoor power equipment to utilize unfair methods of competition and unfair or deceptive acts or practices in the conduct of the manufacturing, distribution, wholesaling, franchising, sale, and advertising of outdoor power equipment.

32. In particular, section 686.611(3)(f) prohibits manufactures of outdoor power equipment from willfully discriminating in programs when the effect of such discrimination may be to substantially lessen competition or to give one dealer any economic, business or competitive advantage not offered to all dealers.

33. By deliberately preventing Agricon from serving as Sunbelt's exclusive delivering and servicing dealer while authorizing another competing Kubota dealer to serve as the exclusive delivering and servicing dealer for another National Account Program Customer, Kubota willfully discriminated against Agricon and violated section 686.611, Florida Statutes.

34. Kubota's willful discrimination has damaged Agricon.

35. Agricon has retained the undersigned attorneys to represent its interests in this matter and is obligated to pay them a reasonable attorney's fee for their services.

WHEREFORE, Agricon demands judgment against Kubota for damages, punitive damages pursuant to section 686.613(4), Florida Statutes, attorney's fees pursuant to section 686.613(1), Florida Statutes, interest (prejudgment and post-judgment), costs and such other further relief as this Court deems appropriate.

### Count III – Violation of FDUPTA

36. Agricon restates and realleges paragraphs 1 through 23 as if fully set forth herein.

37. This is an action seeking damages for the violation of the Florida Deceptive and Unfair Trade Practices Act (hereinafter "FDUPTA"), section 501.201 et seq. of the Florida Statutes.

38. Section 501.204, Florida Statutes, prohibits unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce.

39. Pursuant to section 501.203(3)(c), Florida Statutes, a violation of section 686.611, Florida Statutes, or section 686.413, Florida Statutes, is a per se violation of FDUPTA.

40. Kubota's act of deliberately preventing Agricon from serving as Sunbelt's exclusive delivering and servicing dealer while authorizing another competing Kubota dealer to serve as the exclusive delivering and servicing dealer for another National Account Program Customer constitutes an unfair method of competition and an unfair or deceptive act prohibited by section 501.204, Florida Statutes.

41. As a consequence of Kubota's actions, Agricon has been damaged.

42. Agricon has retained the undersigned attorneys to represent its interests in this matter and is obligated to pay them a reasonable attorney's fee for their services.

WHEREFORE, Agricon demands judgment against Kubota for damages, attorney's fees pursuant to section 501.2105, Florida Statutes, interest (prejudgment and post-judgment), costs and such other further relief as this Court deems appropriate.

DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. Rule 38, Agricon hereby demands a trial by jury on all issues so triable herein.

Dated: September 4, 2019.

/s/ *signature*
ERIK R. MATHENEY
Florida Bar 54111
Trial Counsel
DANIEL HERNANDEZ
Florida Bar 176834
SHUTTS & BOWEN LLP
4301 W. Boy Scout Blvd., Suite 300
Tampa, Florida 33607
Phone: 813-227-8114 / Fax: 813-227-8214